**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 15-cv-00103-WJM-NYW

JOSHUA D. SWAN,

      Plaintiff,

v.

MAURICE FAUVEL, individually and in his official capacity as physician for Sterling Correctional Facility,
JAMIE SOUCIE, individually and in her official capacity as Health Service Administrator for Sterling Correctional Facility,
PHYSICIAN HEALTH PARTNERS, INC., a Colorado Corporation d/b/a CORRECTIONAL HEALTH PARTNERS,
STEPHEN KREBS, CEO and President of Correctional Health Partners and Chairman of Physician Health Partners,
JULIE DURSEY, Regional Manager for Physician Health Partners, and
JOHN and JANE DOES 1–20, individually and in their official capacities as agents of the Colorado Department of Corrections; and as unidentified employees working for Physician Health Partners,

      Defendants.

---

**ORDER ADOPTING OCTOBER 5, 2015 RECOMMENDATION OF MAGISTRATE
JUDGE GRANTING DEFENDANTS' MOTIONS TO DISMISS AND DISMISSING
PLAINTIFF'S CLAIMS WITHOUT PREJUDICE**

---

      This matter is before the Court on United States Magistrate Judge Nina Y.

Wang's Recommendation dated October 5, 2015 ("Recommendation") (ECF No. 46),

which recommended granting a motion to dismiss filed by Defendants Physician Health

Partners d/b/a Correctional Health Partners ("CHP") and Dr. Stephen Krebs

(collectively, "CHP Defendants") (ECF No. 20), granting a motion to dismiss filed by

Defendants Dr. Maurice Fauvel and Jamie Soucie (collectively, "CDOC Defendants")

(ECF No. 22), and dismissing Plaintiff's claims as to the CHP Defendants and CDOC

Defendants without prejudice.  The Recommendation also ordered Plaintiff to show

cause why the action should not be dismissed as to Defendant Julie Dursey[1] for failure

to effect proper service within 120 days as required by Federal Rule of Civil Procedure

4(m).  (ECF No. 46.)  The Recommendation is incorporated herein by reference.  *See*

28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).  Plaintiff filed a timely Objection to the

Recommendation (ECF No. 47), the CHP Defendants filed a response (ECF No. 48),

and the CDOC Defendants filed a response (ECF No. 49).  For the reasons set forth

below, Plaintiff's Objection is overruled, the Recommendation is adopted, the CHP

Defendants' motion to dismiss is granted, the CDOC Defendants' motion to dismiss is

granted, and Plaintiff's claims are dismissed without prejudice.

## I.  STANDARD OF REVIEW

When a magistrate judge issues a recommendation on a dispositive matter,

Federal Rule of Civil Procedure 72(b)(3) requires that the district judge "determine *de*

*novo* any part of the magistrate judge's [recommendation] that has been properly

objected to."  An objection to a recommendation is properly made if it is both timely and

specific.  *United States v. One Parcel of Real Property Known as 2121 East 30th St.*, 73

F.3d 1057, 1059 (10th Cir. 1996).  An objection is sufficiently specific if it "enables the

district judge to focus attention on those issues—factual and legal—that are at the heart

of the parties' dispute."  *Id.*  In conducting its review, "[t]he district court judge may

accept, reject, or modify the recommendation; receive further evidence; or return the

---

[1] The CHP Defendants' Motion to Dismiss indicates that the defendant named as "Julie Dursey" is actually Julie Dorsey.  (ECF No. 20 at 2, n.2.)  Absent a motion to amend the caption, the Court will continue to refer to this defendant as "Julie Dursey."

matter to the magistrate judge with instructions." *Id.* In the absence of a timely and specific objection, "the district court may review a magistrate . . . [judge's] report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985)); *see also* Fed. R. Civ. P. 72 Advisory Committee's Note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record.").

Because Plaintiff is proceeding *pro se*, the Court must liberally construe his pleadings. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Trackwell v. United States Gov't*, 472 F.3d 1242, 1243 (10th Cir. 2007). The Court, however, cannot act as an advocate for Plaintiff, who must still comply with the fundamental requirements of the Federal Rules of Civil Procedure. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

The motions underlying the Recommendation were filed under Federal Rule of Civil Procedure 12(b)(6). The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994). To survive a Rule 12(b)(6) motion, "[t]he complaint must plead sufficient facts, taken as true, to provide 'plausible grounds' that discovery will reveal evidence to support the plaintiff's allegations." *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544 (2007)). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Sutton v. Utah State Sch. for*

*the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999) (citation omitted).

## II.  BACKGROUND

Neither party objects to the recitation of facts set forth by the Magistrate Judge in the Recommendation.[2]  (ECF No. 46 at 2–7.)  Accordingly, the Court adopts and incorporates the factual background detailed in that Recommendation as if set forth herein.  The following is an abridged recitation of the material facts

At all times relevant to his Complaint, Plaintiff was incarcerated at the Sterling Correctional Facility ("SCF") of the Colorado Department of Corrections ("CDOC"). (ECF No. 1.)  On February 2, 2013, Plaintiff suffered an injury to his left knee as he attempted to pick up a basketball in a SCF gymnasium.  (ECF No. 1 ¶¶ 1–4.)  Plaintiff submitted a medical kite (*i.e.*, a written request) for treatment of his visibly swollen knee. (*Id*. ¶ 7.)  On February 5, 2013, SCF medical staff provided Plaintiff with an aluminum adjustable cane.  (*Id*. ¶ 8.)  On February 8, 2013, Plaintiff's knee injury was examined by Dr. Fauvel at the SCF Medical Clinic for the first time, and Plaintiff was issued a pair of aluminum crutches.  (*Id*. ¶ 9.)  At that time, Dr. Fauvel said that Plaintiff may have torn his left MCL.  (*Id*.)  Plaintiff had an x-ray taken of his left knee on February 22, 2013.  (*Id*. ¶ 10.)  Plaintiff was examined by Dr. Fauvel on April 17, 2013 and on May 2, 2013.  (*Id*. ¶¶ 12–13.)

At the May 2 visit, Dr. Fauvel determined that an MRI on Plaintiff's left knee

---

[2] Although Plaintiff objects to certain portions of the Recommendation, these objections do not challenge specific portions of the Recommendation's "Findings of Fact."  The Court finds no inconsistency between the facts as recited in the Recommendation and Plaintiff's allegations in his briefing.  Accordingly, the Court accepts the facts as stated by the Magistrate Judge for purposes of this order.

"needed to be done" and requested an MRI from CHP.  (*Id*. ¶ 13.)  CHP was responsible for the pre-authorization of certain medical procedures for inmates at SCF.  (*Id*. at 2.)  CHP denied this MRI request twice.  (*Id*. at 40.)  According to Dr. Fauvel, CHP denied the first MRI request because it "need[ed] more information."  (*Id*. at 21.)  On August 22, 2013, Plaintiff was notified by Dr. Fauvel that CHP had denied the MRI request "again" and had recommended "conservative therapy."  (*Id*. ¶ 17.)  On November 25, 2013, Plaintiff met with Dr. Fauvel and complained of continued suffering from knee pain.  (*Id*. ¶ 22.)  Dr. Fauvel told Plaintiff that he would be scheduled to see a physical therapist, in accordance with CHP's recommended conservative therapy.  (*Id*.)  On December 11, 2013, Plaintiff met with a physical therapist.  (*Id*. ¶ 25.)  Six days later Plaintiff was issued a knee brace.  (*Id*. ¶ 26.)

On December 23, 2013, Plaintiff was seen by Physician Assistant Gatbel Chamjock at the SCF Medical Clinic.  (*Id*. ¶ 27.)  Chamjock told Plaintiff that he would be referred to an orthopedic surgeon.  (*Id*.)  In March 2014, Plaintiff was transported to the Sterling Regional Medical Center where an MRI was conducted.  (*Id*. ¶ 30.)  On April 22, 2014, Dr. Darrel Fenton from the Sterling Regional Medical Center told Plaintiff that his ACL needed replacement.  (*Id*. ¶ 31.)  Dr. Fenton performed surgery on Plaintiff's left knee on June 3, 2014.  (*Id*. ¶ 32.)

Based on this course of events, Mr. Swan asserts a 42 U.S.C. § 1983 ("Section 1983" or "§ 1983") claim arising under the Eight Amendment for cruel and unusual punishment against the CHP Defendants, the CDOC Defendants, Julie Dursey, and John and Jane Does (collectively, "Defendants").  (*Id*. ¶¶ 33–57.)

### III.  ANALYSIS

The Magistrate Judge recommended that the CHP Defendants' motion to dismiss
be granted, the CDOC Defendant's motion to dismiss be granted, and Plaintiff's claims
as to the CHP Defendants and CDOC Defendants be dismissed, without prejudice.
(ECF No. 46 at 18.)  The Magistrate Judge made several findings to reach those
recommendations.  Plaintiff specifically objects to several of the Magistrate Judge's
findings.

Where Plaintiff does not object to the Magistrate Judge's findings, the Court
reviews those findings under a "clearly erroneous" standard of review.  Plaintiff does not
object to the Magistrate Judge's finding that Plaintiff failed to plead Ms. Soucie's
personal participation.  (*Id*. at 12.)  Plaintiff does not object to the Magistrate Judge's
finding that Plaintiff's claims should be dismissed to the extent that they seek monetary
damages from Defendants in their official capacity.  (*Id*. at 16.)  The Court finds no clear
error in the Magistrate Judge's reasoning regarding these findings.  Thus, the Court
adopts these findings.  Below, the Court analyzes the Magistrate Judge's findings to
which Plaintiff *does* object.

**A.      Plaintiff's Eighth Amendment Claims**

The Magistrate Judge found that Plaintiff failed to state a cognizable claim under
the Eighth Amendment.  (ECF No. 46 at 11.)  On that basis, the Magistrate Judge
Recommended that Plaintiff's claims be dismissed as to the CDOC Defendants and the
CHP Defendants.  (*Id*.)  Plaintiff objects to this portion of the Recommendation.  (ECF
No. 47 at 1.)

The Eighth Amendment's prohibition against cruel and unusual punishment is

violated when prison officials "act *deliberately and indifferently* to serious medical needs of prisoners in their custody." *Hunt v. Uphoff*, 199 F.3d 1220, 1224 (10th Cir. 1999) (emphasis added).  An Eighth Amendment claim for deliberate indifference involves "a two-pronged inquiry, comprised of an objective and subjective component." *Self v. Crum*, 439 F.3d 1227, 1230 (10th Cir. 2006).  The objective component requires a showing that the prisoner's medical need was "sufficiently serious." *Id*.  A medical need is considered sufficiently serious when "that condition has been diagnosed by a physician as mandating treatment . . . or is so obvious that even a lay person would easily recommend the necessity for a doctor's attention." *Oxendine v. Kaplan*, 241 F.3d 1272, 1276 (10th Cir. 2001) (citation and internal quotation marks omitted).  Under the subjective component, the plaintiff must establish that the defendant "knew [the plaintiff] faced a substantial risk of harm and disregarded that risk, by failing to take reasonable measures to abate it." *Hunt*, 199 F.3d at 1224 (internal quotation marks omitted).

　　1.　　<u>Claims Against the CDOC Defendants</u>

　　As noted above, the Magistrate Judge found that Plaintiff failed to plead Jamie Soucie's personal participation in any alleged constitutional deprivation (ECF No. 46 at 13), and Plaintiff did not object to that finding.  Thus, Dr. Fauvel is the lone remaining CDOC Defendant.

　　To state a cognizable Eighth Amendment claim against Dr. Fauvel, Plaintiff must allege both the objective and subjective portions of the deliberate indifference standard. Plaintiff's injury fulfills the objective component, as his knee was noticeably swollen and was diagnosed by a physician (Dr. Fauvel himself) as mandating treatment.  (*See* ECF No. 1 ¶¶ 1–9.)  However, Plaintiff fails to plead the subjective component of an Eighth

Amendment violation with regard to Dr. Fauvel.  Dr. Fauvel did not disregard Plaintiff's injury or fail to take reasonable measures to abate the injury.  Dr. Fauvel provided Plaintiff with an x-ray examination and metal crutches.  (*Id*. at ¶¶ 9–10.)  Dr. Fauvel also continued to examine and monitor Plaintiff's injury over a series of months.  (*See id*. ¶¶ 9–22.)

Plaintiff contends that the CDOC Defendants violated the Eight Amendment by not providing Plaintiff with an MRI test.  (*Id*. ¶¶ 33–42.)  However, "a mere difference of opinion between the prison's medical staff and the inmate as to the diagnosis or treatment which inmate receives does not support a claim of cruel and unusual punishment."  *Ramos v. Lamm*, 639 F.2d 559, 575 (10th Cir. 1980).  Thus, the fact that Dr. Fauvel provided an x-ray examination instead of an MRI does not amount to an Eighth Amendment violation.  Additionally, Dr. Fauvel twice requested an MRI for Plaintiff, and CHP denied both requests.  Therefore, there was no disagreement between Plaintiff and Dr. Fauvel as to their desired method of diagnosis.  For these reasons, the Court adopts the Recommendation as to Plaintiff's failure to state a cognizable Eighth Amendment claim against the CDOC Defendants.

2.      Claims Against the CHP Defendants

Although Dr. Fauvel recommended that Plaintiff receive an MRI, Dr. Krebs and CHP denied that request twice, instead recommending conservative treatment.  (ECF No. 1 at 40.)  In their response to Plaintiff's Objection, the CHP Defendants argue that such a difference in opinion between doctors does not amount to an Eighth Amendment violation.  (ECF No. 48 at 5.)  However, the cases cited for this proposition do not in fact stand for the proposition suggested by the CHP Defendants.  *See Ramos*, 639 F.2d at

8

575 (discussing a difference of opinion between inmate and medical staff, not between two doctors); *McCracken v. Jones*, 562 F.2d 22, 24 (10th Cir. 1977) (discussing a situation where a defendant who is not a medical professional chooses to follow the medical opinion of one doctor over another, as opposed to a situation where a defendant who is a medical professional ignores another doctor's opinion).

Dr. Fauvel's MRI request served to inform Dr. Krebs as to the severity of Plaintiff's injury and the medically assessed necessity of the MRI.  (*See* ECF No. 1 ¶ 13.)  If Dr. Krebs chose to ignore this information and recommended conservative therapy knowing that an MRI was necessary, such action could potentially constitute deliberate indifference.

However, the Court reads Plaintiff's complaint to say that Dr. Krebs denied Plaintiff's MRI request solely because CHP did not want to incur the cost.  (ECF No. 1 ¶¶ 49–52.)  Therefore, the survival of Plaintiff's claim against Krebs depends upon whether Plaintiff properly alleges that CHP had a policy of making medical decisions based solely on cost.  The Court turns to that question next.

**B.    CHP's Policy and Municipal Liability**

Section 1983 generally applies only to natural persons.  However, the Supreme Court has held that municipalities can also be held liable as "persons" under § 1983. *Monell v. Dep't. of Soc. Servs.*, 436 U.S. 658, 690 (1978).  Accordingly, to prevail on a municipal liability claim, Plaintiff must establish (1) that a municipal employee committed a constitutional violation, and (2) that a municipal *policy or custom* was the moving force behind the constitutional deprivation.  *Myers v. Okla. Cnty. Bd. Of Cnty. Commr's*, 151 F.3d 1313, 1316 (10th Cir. 1998).  The Magistrate Judge, citing *Dubbs v. Head Start,*

*Inc.*, 336 F.3d 1194, 1216–17 (10th Cir. 2003), applied this municipal liability doctrine to Plaintiff's claims against CHP because CHP is an entity (*i.e.*, not a natural person) allegedly acting under color of state law.[3]

Plaintiff's Complaint alleges that CHP "chose to deny Plaintiff's request for a[n] MRI because it was more costly than 'conservative therapy.'" (ECF No. 1 ¶ 49.)  This allegation is not enough because Plaintiff does not allege that CHP had a policy or custom of denying recommended tests because of cost.  Thus, Plaintiff fails to allege a proper policy or custom for municipal liability purposes.  *See Salazar v. Castillo*, No. 12-cv-01481-JLK, 2013 WL 69154 at *6 (D. Colo. Jan. 7, 2013) ("Plaintiff cannot state a plausible claim of municipal liability by identifying a single incident of alleged violations and then, without any further factual substantiation, contending that such actions were consistent with and caused by a municipal policy . . . .").

Plaintiff does not object to the Magistrate Judge's application of *the Monell* doctrine to CHP.  (ECF No. 47 at 9.)  Instead, Plaintiff argues in his objection that all that is necessary for a valid claim is that a plaintiff show that a municipality had a policy by virtue of "a single decision by an official with final decision-making authority."

---

[3] Whether this is the appropriate analytical framework is unclear.  CHP is a private entity. (*See* ECF No. 1 at 2.)  Normally, private entities cannot be sued under § 1983 because they do not act under color of law.  Here, however, it appears that CHP is acting as CDOC's agent. (*See id.*)  Conceivably CHP could act under color of law in that role.  But if so, it raises a question of Eleventh Amendment immunity.  Under the Eleventh Amendment, CDOC itself cannot be sued for damages because it is an arm of the state.  Moreover, *Monell* liability does not extend to states or their agencies.  The question, then, is whether a private entity to whom a state agency has delegated state power can nonetheless be liable for damages, even though the agency itself cannot.  No party addresses this question, and because the Court will dismiss all claims without prejudice, the Court will not explore it further.  Nonetheless, should Plaintiff seek leave to amend (as discussed below in Part III.F), all parties should address whether CHP, in its apparent role as an agent of the state (rather than an agent of a county or municipality), can be sued for damages under § 1983.

*Brammer-Hoelter v. Twin Peaks Charter Acad.*, 602 F.3d 1175, 1189 (10th Cir. 2010). However, Plaintiff did not allege this type of "policy" in his complaint.  (*See* ECF No.1.) Plaintiff did not allege that Dr. Krebs was a final decision-making authority.  (*See id*. ¶¶ 51–52.)  Because Plaintiff's complaint does not allege a proper policy for the purposes of municipal liability, Plaintiff's fails to state a claim against either CHP or Dr. Krebs.  Therefore, the Court adopts the Recommendation as to the Plaintiff's failure to state a cognizable Eighth Amendment claim against Dr. Krebs and Plaintiff's failure to state a municipal liability claim against CHP.  *Cf. Young v. Dollar Tree Stores, Inc.*, 2012 WL 3704994, at *3 (D. Colo. Aug. 24, 2012) ("The plaintiff may not amend [the] complaint via assertions made in response to a motion to dismiss.").

**C.    Qualified Immunity: Individual Capacity Claims Against CDOC Defendants**

In addition to dismissal based on Plaintiff's failure to state a cognizable claim under the Eight Amendment, the Magistrate Judge recommended that Plaintiff's claims against the CDOC Defendants in their individual capacities could be dismissed on qualified immunity grounds.  (ECF No. 46 at 13.)  Plaintiff objected to this portion of the Recommendation.  (ECF No. 47 at 8.)

If a defendant asserts qualified immunity as to individual capacity claims against him or her, the plaintiff bears a two part burden to demonstrate that qualified immunity should not apply.  *Reynolds v. Powell*, 370 F.3d 1028, 1030 (10th Cir. 2004). Specifically, the plaintiff must show "(1) that the defendant's actions violated a constitutional right, and (2) that the right allegedly violated [was] clearly established at the time of the conduct at issue."  *Id.*

As discussed above, Plaintiff failed to state a claim that the CDOC Defendants

11

violated Plaintiff's constitutional rights.  Consequently, as his complaint currently stands,

Plaintiff fails to meet part one of his burden and the CDOC Defendants are entitled to

qualified immunity.  The Court therefore adopts the Recommendation regarding

qualified immunity.

**D.      Damages and Injunctive Relief**

As discussed above, the Court dismisses Plaintiff's claims against the CHP

Defendants and CDOC Defendants for failure to state a cognizable claim for violation of

the Eight Amendment.  Therefore, any demands for damages or injunctive relief

associated with those claims are no longer viable.  However, the Magistrate Judge

issued recommendations on those issues, two of which have been objected to by

Plaintiff.  (ECF No. 47 at 9–10.)  Those two objections are discussed below.

1.      <u>Punitive Damages</u>

The Magistrate Judge recommended a dismissal of any claim for punitive

damages.  (ECF No. 46 at 17.)  Punitive damages are permitted in a § 1983 action

when a plaintiff establishes that the defendant was motivated by evil motive or intent, or

when the defendant's conduct involves reckless or callous indifference to the plaintiff's

constitutional rights. *Smith v. Wade*, 461 U.S. 30, 56 (1983).  The Recommendation

states that Plaintiff failed to plead sufficient facts—beyond conclusory statements—to

demonstrate intent or recklessness on the part of Defendants.  (ECF No. 46 at 17.)

Plaintiff objects, arguing that the "policy" of denying medical care due to cost is

"outrageous" and therefore he is entitled to punitive damages.  (ECF No. 47 at 9–10.)

Even if Plaintiff did state a cognizable claim against Defendants, outrageous conduct is

not equivalent to intentional or reckless conduct.  The Court adopts the Magistrate

12

Judge's Recommendation regarding punitive damages and dismisses any claim for punitive damages without prejudice.

### 2. Injunctive Relief

Plaintiff seeks unspecified "declaratory and other injunctive and/or equitable relief" from all Defendants in his complaint.  (ECF No. 1 at 13.)  The Magistrate Judge reasoned that Plaintiff's request for injunctive relief is moot because Plaintiff received the medical care that he claims he was wrongfully denied.  (ECF No. 46 at 17.)  Plaintiff objects, arguing that he is not seeking injunctive relief regarding his prior injury.  (*See* ECF No. 47 at 9.)  Instead, Plaintiff contends that he seeks an injunction to prevent Defendants from using a cost-saving policy in determining medical treatment for inmates.  (*Id*.)  However, Plaintiff's complaint does not specify that Plaintiff seeks this form of injunctive relief.  (*See* ECF No. 1 at 13.)  The Court can only consider the four corners of Plaintiff's complaint in assessing the adequacy of his request for injunctive relief, not new allegations in later filings.  *See Silver v. Primero Reorganized Sch. Dist. No. 2*, 619 F. Supp. 2d 1074, 1080 (D. Colo. 2007).  Because Plaintiff's complaint did not request an injunction against the future use of a policy by Defendants, that form of relief cannot serve as a basis to overrule the Magistrate Judge's finding of mootness.  (*See* ECF No. 1.)  The Court adopts the Magistrate Judge's Recommendation regarding injunctive relief and finds Plaintiff's request for injunctive relief to be moot.

### E.   Other Defendants

### 1.   Julie Dursey

Federal Rule of Civil Procedure 4(m) provides, "If a defendant is not served within 120 days after the complaint is filed, the court . . . after notice to the plaintiff . . .

13

must dismiss the action without prejudice against that defendant or order that service be made within a specified time."[4]  Plaintiff has not served Defendant Julie Dursey and more than 120 days have elapsed since the filing of the complaint on January 15, 2015. (*See* ECF No. 1; ECF No. 46 at 18.)  The Magistrate Judge ordered Plaintiff to show cause why the action should not be dismissed.  (ECF No. 46 at 18.)  After receiving this notice, Plaintiff did not provide any cause for the failure of service and so the Court must either dismiss the action or order that service be made within a specified time.  *See* Fed. R. Civ. P. 4(m).  The Court dismisses Plaintiff's claim against Defendant Julie Dursey, without prejudice, for failure to comply with Rule 4(m).

      2.    <u>John and Jane Does</u>

Plaintiff asserts claims against John and Jane Does 1–20 who are agents for the CDOC and John and Jane Does 1–20 who are employees of CHP.  (ECF No. 1 at 1.) The Magistrate Judge made no recommendation regarding these defendants.  (*See* ECF No. 46.)

The Court has determined that Plaintiff states no cognizable claim under the Eighth Amendment against the CDOC Defendants.  The Court has also determined that Plaintiff states no cognizable claim under the Eighth Amendment—or under the municipal liability doctrine—against the CHP Defendants.  Plaintiff's complaint provides no allegations against the John and Jane Does that were not made against the other

---

    [4] Federal Rule of Civil Procedure 4(m) was amended on April 29, 2015, effective December 1, 2015.  The Amendment reduces the presumptive time for serving a defendant from 120 days to 90 days.  This amendment was not effective until after Plaintiff filed his complaint and 120 days passed.  Therefore, the amendment does not apply in analyzing Plaintiff's failure to serve Julie Dursey.

CDOC and CHP Defendants, aside from conclusory allegations that the John and Jane Does "participated in the process of gatekeeping or denying the Plaintiff timely treatments," "played an instrumental role in violating his . . . rights," and forced him "to endure substantial physical pain and suffering." (ECF No. 11.) Therefore, Plaintiff fails to state a cognizable claim regarding John and Jane Does 1–20 from the CDOC and John and Jane Does 1–20 from the CHP. Plaintiffs' claims against those defendants are dismissed without prejudice.

## F.    Dismissal Without Prejudice

Lastly, Plaintiff objects to the Recommendation on the grounds that—rather than dismissing his complaint—Plaintiff should be given "an opportunity to amend . . . ." (ECF No. 47 at 7–8.) This order, in adopting the Recommendation, dismisses all of Plaintiff's claims *without prejudice*. This Order does not grant Plaintiff leave to amend his pleadings; however, Plaintiff retains the right to file a motion for leave to amend his complaint, in accordance with federal and local rules of civil procedure. *See* Fed. R. Civ. P. 15(a)(2); D.C.COLO.LCivR 15.1(b) (explaining the procedure by which to file a motion for leave to amend a pleading in this Court).

## IV.  CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1.    Plaintiff's Objection to the Recommendation (ECF No. 47) is OVERRULED;

2.    The Recommendation (ECF No. 46) is ADOPTED;

3.    The CHP Defendants' Motion to Dismiss (ECF No. 20) is GRANTED;

4.    The CDOC Defendants' Motion to Dismiss (ECF No. 22) is GRANTED;

15

5.      Plaintiff's claims as to the CHP Defendants, the CDOC Defendants, and all John and Jane Does, are DISMISSED WITHOUT PREJUDICE;

6.      Plaintiff's claim as to Defendant Julie Dorsey is DISMISSED WITHOUT PREJUDICE for failure to effect proper service within 120 days as required by Fed. R. Civ. P. 4(m); and

7.      If Plaintiff wishes to move for leave to file a First Amended Complaint, his motion must be postmarked no later than January 15, 2016.  If no timely motion is received, the Court will enter judgment against Plaintiff without further notice.

Dated this 2nd day of December, 2015.

BY THE COURT:

William J. Martinez
United States District Judge